[No. 5549-0-II.   Division Two.   July 18, 1983.]

ALLEN N. RANCOURT, *Appellant,* v. THE DEPARTMENT OF LICENSING, *Respondent.*

*Craig A. Ritchie,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *James R. Silva, Assistant,* for respondent.

PETRICH, C.J.—Allen Rancourt appeals from a trial court order affirming the Department of Licensing's denial of his untimely hearing request made under the financial responsibility law, RCW 46.29. A single issue is presented on appeal:

Is a licensee's request for a hearing to challenge suspension of driving privileges timely when made beyond the time limits prescribed by the Department measured not from the date of the notice of suspension as the rule provides, but measured from the date of actual delivery of the notice where delivery was substantially delayed by causes other than the act or omission of the Department or licensee?

We hold that such a request is not timely and that the licensee has by his actions waived his right to a hearing on his suspension of driving privileges.

The dates involved are not in dispute. As a result of an automobile accident occurring in 1980, Rancourt was notified by the Department of Licensing (DOL) that his license would be suspended unless he posted $31,353 in security. He timely requested a document review pursuant to WAC 308-102-100, which was decided adversely to him. On December 11, 1980, DOL mailed by certified mail the document review determination and notice that Rancourt could

request a hearing within 15 days of the letter. The 15 days would normally have expired on December 26, 1980; however, here the post office records reflect and DOL concedes that the notice was not delivered until December 24, 1980, the 13th day after the mailing and 2 days before his request was to be filed with DOL. The Department learned of the late delivery when it received the receipt form supplied by the post office shortly after delivery. His hearing request was not received at DOL until January 12, 1981. Rancourt's signature was dated January 8, 1981, and the mailing was postmarked January 10, 1981. DOL received the request 31 days after it mailed the notice of suspension and 19 days after the notice was received by Rancourt.

DOL denied Rancourt's hearing request because it was not timely received by December 26, 1980.[1] He petitioned for a writ of certiorari. The trial court affirmed DOL's determination, concluding the request for hearing was untimely under WAC 308–102–200.

█ The United States Supreme Court has held that the due process clause of the Fourteenth Amendment requires that notice and opportunity for a hearing must be given before a driver's license can be suspended. *Bell v. Burson,* 402 U.S. 535, 29 L. Ed. 2d 90, 91 S. Ct. 1586 (1971). *Accord, Flory v. Department of Motor Vehicles,* 84 Wn.2d 568, 527 P.2d 1318 (1974). *See generally* 14 *Blashfield on Automobiles* § 468.47 (3d ed. F. Lewis 1969). The notice must be calculated to inform the affected party of the pending action and afford a reasonable opportunity to present an objection. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 94 L. Ed. 865, 70 S. Ct. 652 (1950); *State v. Thomas,* 25 Wn. App. 770, 610 P.2d 937 (1980).

Under our financial responsibility law, RCW 46.29, DOL can require a deposit of security from the uninsured driver of an automobile which is involved in an accident resulting in injury or death to any person or damage to property. It

---

[1]A letter from DOL to the licensee's attorney also suggested DOL was troubled by the delay in filing after the licensee received the notice.

may ultimately suspend for failure to deposit the specified security. On authority of RCW 46.29.030, WAC 308–102 sets out the procedure for contesting a financial responsibility determination. WAC 308–102–200 provides that a request for a formal hearing must be "*in writing and must be received at the office of the Department of Licensing within fifteen days following the mailing of the decision of the department to the licensee.*" (Italics ours.) Failure to make a timely request after proper notice results in a waiver of a right to a hearing. Rancourt does not contend here that the rule is per se unreasonable but that under the facts of this case the application of the rule denied him due process.

Here, the rule prescribes a method of service. WAC 308–102–200 contemplates prompt notice by registered or certified mail to the licensee at his last known address. If this is complied with, under most circumstances the licensee has time to consult an attorney and file a hearing request. This system can be frustrated when the mail is delayed. Delay in receipt of the notice can result from a number of causes including a DOL or post office mistake, or by the licensee's own acts, such as failing to claim certified mail or by not informing the Department of an address change. Quite possibly delay can occur when certified mail is sent during the Christmas holidays from Olympia to a rural area of the state. Here, Rancourt, a Forks, Washington, resident, received the notice on Christmas eve, 13 days after it was mailed. The record does not explain the reason for the delay, although it is not contended that Rancourt caused the delay in any way.

WAC 308–102–200 must be interpreted in a fair and reasonable manner. We believe that where there is a delay in delivery which is not the fault of the licensee, he should not be precluded from having his "day in court." Here, however, Rancourt's request was not received by DOL until 19 days from actual receipt of the notice. Even if we were to measure the time prescribed by DOL's rule from date of delivery rather than date of issuance, Rancourt's request

was not timely. We hold that the unfortunate delay in delivery of the suspension notice resulting from causes other than the acts or omission of DOL or Rancourt does not void the notice and that Rancourt waived his right to a hearing by failing to make a timely request.

We affirm the judgment below.

PETRIE and REED, JJ., concur.